IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AURORA MOLINA,

    Plaintiff,

v.                                                                       No. CV 20-670 KWR/CG

ETHICON, INC., et al.,

    Defendants.

## SCHEDULING ORDER

**THIS MATTER** came before the Court at a Rule 16 Scheduling Conference held on October 13, 2020. Following a review of the parties' *Joint Status Report and Provisional Discovery Plan* (the "JSR"), (Doc. 18), filed on September 28, 2020, and after conferring with counsel, the Court adopts the JSR as modified below:

a. Maximum of thirty (30) Interrogatories by each party to any other party;

b. Maximum of thirty (30) Requests for Production by each party to any other party;

c. Maximum of thirty (30) Requests for Admission by each party to any other party;

d. Maximum of ten (10) depositions by Plaintiff and ten (10) depositions by Defendants; and

e. Deposition of parties, Rule 30(b)(6) designees and experts, are limited to seven (7) hours, and all other witnesses are limited to four (4) hours, unless extended by agreement of the parties.

The following case management deadlines have been set:

i. Deadline for Plaintiff to amend and join additional parties by written consent or to seek leave of the court to amend and join additional parties in compliance with Fed. R. Civ. P. 15(a)(2):    October 19, 2020

ii. Deadline for Defendants to amend and join additional parties by written consent or seek leave of the court to amend and join additional

|      |                                                                                                                         |                                         |
|------|-------------------------------------------------------------------------------------------------------------------------|-----------------------------------------|
|      | parties in compliance with Fed. R. Civ. P. 15(a)(2):                                                                    | October 19, 2020                        |
| iii. | Plaintiff's Rule 26(a)(2) expert disclosure:                                                                            | May 27, 2022                            |
| iv.  | Defendants' Rule 26(a)(2) expert disclosure:                                                                            | June 27, 2022                           |
| v.   | Rebuttal Expert Disclosure:                                                                                             | July 22, 2022                           |
| vi.  | Plaintiff's Expert Depositions:                                                                                         | August 26, 2022                         |
| vii. | Defendants' Expert Depositions:                                                                                         | September 23, 2022                      |
| viii.| Termination date for discovery:                                                                                         | April 29, 2022                          |
| ix.  | Motions relating to discovery to be filed by:                                                                           | May 20, 2022                            |
| x.   | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by:       | November 30, 2022                       |
| xi.  | Pretrial Order: Plaintiff to Defendants by:<br>Defendants to Court by:                                                  | January 16, 2023<br>January 30, 2023    |

Discovery shall not be reopened after the termination date for discovery, as specified above, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be **completed** on or before the above date.

Before moving for an order relating to discovery, the parties may request a conference with the Court in an attempt to resolve the dispute. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by the deadline specified above. *See* D.N.M.LR-Civ. 7 for motion practice requirements and

timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely. If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed that the Pretrial Order will provide that no witnesses, except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE